1  ROGER M. SCHRIMP (SBN 39379)
   CLINTON P. WALKER (SBN 151560)
2  **DAMRELL, NELSON, SCHRIMP,**
   **  PALLIOS, PACHER & SILVA**
3  1601 I Street, Fifth Floor
   Modesto, CA 95354
4  Telephone: (209) 526-3500
   Facsimile: (209) 526-3534
5  rschrimp @ damrell.com
   cwalker @ damrell.com
6
   *[Additional counsel listed on signature page]*
7
   *Counsel for Plaintiffs Four In One Company, Inc.*
8  *and Bruce Foods Corporation*

9

10              **UNITED STATES DISTRICT COURT**

11       **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

12  FOUR IN ONE COMPANY, INC., on behalf   | CASE NO. 2:08-cv-03017-MCE-EFB
    of itself and all others similarly situated,

13                                          **NOTICE OF MOTION AND MOTION**
                  Plaintiff,                **FOR APPOINTMENT OF INTERIM**
14                                          **COUNSEL AND LIAISON COUNSEL**

15       vs.

                                            Judge:  The Hon. Morrison C. England, Jr.
16  SK FOODS, L.P., INGOMAR PACKING
    COMPANY, LOS GATOS TOMATO
17  PRODUCTS, RANDALL RAHAL,                Trial Date:  None Set
    INTRAMARK USA, INCORPORATED
18                                          Date:        March 5, 2009
                  Defendants.              Time:        2:00 p.m.
19                                          Location:    Courtroom 7, 14th Floor

20

21

22

23

24

25

26

27

28

03801.61445/2787998.1

                                   -1-

| | |
|---|---|
| BRUCE FOODS CORPORATION, on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>SK FOODS, LP; INGOMAR PACKING COMPANY, LLC, LOS GATOS TOMATO PRODUCTS, INTRAMARK USA, INC. and RANDALL LEE RAHAL,<br><br>                    Defendant. | CASE NO. 2:09-cv-00027-MCE-EFB |
| DIVERSIFIED FOODS AND SEASONINGS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>SK FOODS L.P., INTRAMARK USA, INC., and RANDALL LEE RAHAL,<br><br>                    Defendant. | CASE NO. 2:08-cv-03074-MCE-EFB |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on March 5, 2009, or as soon thereafter as the matter may be heard, Plaintiffs Four In One Company, Inc. and Bruce Foods Corporation, through their undersigned counsel, will and hereby do move this Court, before the Honorable Morrison C. England, Jr., at the United States District Court for the Eastern District of California, 501 I Street, Suite 4-200, Sacramento, CA 95814, for an Order appointing Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"); Hausfeld LLP; Bernstein Liebhard LLP ("Bernstein Liebhard"); and Pearson Simon Warshaw & Penny LLP ("Pearson Simon") as interim co-lead counsel, and Damrell Nelson Schrimp Pallios Pacher & Silva ("Damrell Nelson Schrimp") as liaison counsel,

1  for the direct purchaser plaintiffs in these consolidated alleged class actions, and to set a schedule

2  for the filing of a consolidated amended complaint and responsive pleadings.

3          This Motion is made pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and

4  on the grounds that the appointment of interim co-lead counsel is appropriate at this time to "fairly

5  and adequately represent the interests of the class," and because a consolidated complaint will

6  eliminate the need for Defendants to respond to several similar complaints.  This Motion is based

7  on this Notice of Motion and Motion and the following Memorandum of Law in support of the

8  Motion, all pleadings and records on file and any additional briefing and argument presented to the

9  Court before or at the hearing on this Motion.

10  DATED:  February 10, 2009                    Respectfully submitted,

11

12                                    By   /s/   Roger M. Schrimp
                                        Roger M. Schrimp (SBN 39379)
13                                      Clinton P. Walker (SBN 151560)
                                        DAMRELL, NELSON, SCHRIMP,
14                                      PALLIOS, PACHER & SILVA
                                        1601 I Street, Fifth Floor
15                                      Modesto, CA 95354
                                        Telephone: (209) 526-3500
16                                      Facsimile: (209) 526-3534
                                        rschrimp@damrell.com
17                                      cwalker@damrell.com

18
                                        *Proposed Liaison Counsel*
19

20  Stephen R. Neuwirth                 Michael P. Lehmann (SBN 77152)
    Sami Rashid                         Christopher L. Lebsock (SBN 184546)
21  Lee Turner Dodge                    Jon T. King (SBN 205073)
    QUINN EMANUEL URQUHART OLIVER &     Arthur N. Bailey (SBN 248460)
22      HEDGES, LLP                     HAUSFELD LLP
    51 Madison Avenue, 22nd Floor       44 Montgomery Street, Suite 3400
23  New York, New York 10010            San Francisco, CA'94104
    (212) 849-7000                      Telephone: (415) 633-1908
24  (212) 849-7100 (fax)                Facsimile: (415) 358-4980
    stephenneuwirth@quinnemanuel.com    mlehmann@hausfeldllp.com
25                                      clebsock@hausfeldllp.com
                                        coming@hausfeldllp.com
26                                      abailey@hausfeldllp.com

27

28

| | |
|---|---|
| 1 | John B. Quinn (Cal. Bar # 090378) |  Michael D. Hausfeld |
| | A. William Urquhart (Cal. Bar # 140996) |  Megan E. Jones |
| 2 | J. D. Horton (Cal. Bar # 192836) |  Hilary K. Ratway |
| | QUINN EMANUEL URQUHART OLIVER & |  HAUSFELD LLP |
| 3 | HEDGES, LLP |  1146 19th Street, N.W., 5th Floor |
| | 865 S. Figueroa St., 10th Floor |  Washington, D.C. 20036 |
| 4 | Los Angeles, California 90017 |  Telephone: (202) 579-1089 |
| | (213) 443-3000 |  Facsimile: (202) 747-5713 |
| 5 | (213) 443-3100 (fax) |  mhausfeld@hausfeldllp.com |
| | jdhorton@quinnemanuel.com | |
| 6 | | |

Robert P. Feldman (Cal. Bar # 69602)   Bruce L. Simon
7  QUINN EMANUEL URQUHART         PEARSON SIMON SOTER
   OLIVER & HEDGES, LLP            WARSHAW PENNY LLP
8  555 Twin Dolphin Dr. Suite 560   44 Montgomery Street, Suite 1430
   Redwood Shores, California 94065  San Francisco, CA 94104
9  (650) 801-5000                  Telephone: (415) 433-9000
   (650) 801-5100 (fax)            Fax: (415) 433-9008
10 robertfeldman@quinnemanuel.com  bsimon@psswplaw.com

11                                 *Proposed Co-Lead Interim Class Counsel*

12 Stanley D. Bernstein            Guido Saveri (SBN 22349)
   Ronald J. Aranoff              R. Alexander Saveri (SBN 173102)
13 Dana Statsky Smith             SAVERI & SAVERI, INC.
   Tania Taveras                  706 Sansome Street
14 BERNSTEIN LIEBHARD LLP         San Francisco, CA 94111
   10 East 40th Street, 29th Floor Telephone: (415) 217-6810
15 New York, New York 10016       Facsimile: (415) 217-6813
   (212) 779-1414                 guido@saveri.com
16 (212) 779-3218 (fax)           rick@saveri.com
   aranoff@bernlieb.com

17

18 *Proposed Co-Lead Interim Class Counsel*

   James E. Cecchi               Craig C. Corbitt (SBN 83251)
19 Lindsey H. Taylor             Francis O. Scarpulla (SBN 41059)
   CARELLA, BYRNE, BAIN, GILFILLAN, Henry A. Cirillo (SBN 131527)
20   CECCHI, STEWART & OLSTEIN   ZELLE HOFMANN VOELBEL
   5 Becker Farm Rd.             MASON & GETTE
21 Roseland, New Jersey 07068    44 Montgomery Street
   (973) 994-1700                Suite 3400
22 jcecchi@carellabyrne.com      San Francisco, CA 94104
                                 Telephone: (415) 693-0700
23                               Facsimile: (415) 693-0770
                                 ccorbitt@zelle.com
24                               fscarpulla@zelle.com
                                 cirillo@zelle.com
25
   Stephen A. Weiss              Allan Steyer (SBN 100318)
26 SEEGER WEISS LLP              STEYER LOWENTHAL BOODROKAS
   1 William Street                ALVAREZ & SMITH LLP
27 New York, New York 10004      One California Street
   (212) 584-0700                Third Floor
28 sweiss@seegerweiss.com        San Francisco, CA 94111

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL

| | | |
|---|---|---|
| 1 | | Telephone: (415) 421-3400 |
| | *Attorneys for Plaintiff Four In One Company,* | Facsimile: (415) 421-2234 |
| 2 | *Inc.* | asteyer@steyerlaw.com |
| 3 | | Steven A. Kanner |
| | | Douglas A. Millen |
| 4 | | FREED KANNER LONDON & |
| | | MILLEN LLC |
| 5 | | 2201 Waukegan Road |
| | | Suite 130 |
| 6 | | Bannockburn, IL 60015 |
| | | Telephone: (224) 632-4500 |
| 7 | | Facsimile: (224) 632-4521 |
| | | skanner@fklmlaw.com |
| 8 | | dmillen@fklmlaw.com |
| 9 | | Steven J. Greenfogel |
| | | MEREDITH COHEN GREENFOGEL |
| 10 | | & SKIRNIK PC |
| | | 1521 Locust Street, 8th Floor |
| 11 | | Philadelphia, PA 19102 |
| | | Telephone: (215) 564-5182 |
| 12 | | Facsimile: (215) 569-0958 |
| | | sgreenfogel@mcgslaw.com |
| 13 | | |
| | | Arthur N. Bailey |
| 14 | | ARTHUR N. BAILEY & |
| | | ASSOCIATES |
| 15 | | 111 West Second Street |
| | | Jamestown, NY 14701 |
| 16 | | Telephone: (716) 664-2967 |
| | | Facsimile: (716) 664-2983 |
| 17 | | abailey@alitel.net |
| 18 | | Vincent J. Esades |
| | | HEINS MILLS & OLSON, P.L.C. |
| 19 | | 310 Clifton Avenue |
| | | Minneapolis, MN 55403 |
| 20 | | Telephone: (612) 338-4605 |
| | | Fax: (612) 338-4692 |
| 21 | | |
| | | *Attorneys for Plaintiff Bruce Foods* |
| 22 | | *Corporation* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

03801.61445/2787998.1

-5-

**MEMORANDUM OF LAW IN SUPPORT OF MOTION INTERIM CO-LEAD COUNSEL AND LIAISON COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

## Background

**The Complaints**

On December 12, 2008, Four In One Company, Inc. ("Four In One") filed an alleged class action in this Court on behalf of direct purchasers of processed tomato products sold by Defendants SK Foods, L.P. ("SK Foods"), Ingomar Packing Company ("Ingomar") and Los Gatos Tomato Products ("Los Gatos"). *Four In One Company, Inc., v. SK Foods, L.P., et al*, 02:2008-cv-03017-MCE-EFC (E.D. Cal.).

The complaint alleged that Defendant SK Foods, along with defendants Randall Rahal ("Rahal") and Intramark USA, Incorporated ("Intramark"), together with unnamed co-conspirators, violated both the federal antitrust laws and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962, *et seq.*, through a scheme to, among other things, bribe customers' purchasing agents and thereby allocate contracts for the sale of, and fix prices of, processed tomato products. The complaint provides detailed allegations of the scheme and of conduct by SK, Rahal and Intramark in furtherance of the scheme. The Complaint also notes that as of the time of filing, the United States Attorney in this District was pursuing criminal charges, including under the federal antitrust laws and RICO, against defendant Rahal, in connection with the conduct described in the Four In One complaint.[1]

The Four In One complaint also alleges that Defendants SK Foods, Ingomar and Los Gatos conspired, along with unnamed co-conspirators, to fix prices for processed tomato products. The complaint explains that these Defendants joined together in 2006 to form the California Tomato Export Group ("CTEG"), which became a vehicle used by these Defendants for communications on pricing of processed tomato products. These Defendants ceased operating the CTEG following FBI raids in May 2008 of several tomato processors. As noted in the complaint, the *San*

---

[1]   More recently, at least two other parties have entered related guilty pleas.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL

1   *Francisco Chronicle* reported on September 24, 2008, that "Brian Maschler, an attorney for SK

2   Foods, said investigators were also interested in a partnership the company formed in 2006 with

3   Ingomar Packing of Los Banos (Merced County) and Los Gatos Tomato Products of Huron

4   (Fresno County)."

5          The Four In One complaint reflects significant investigation and analysis, including in

6   consultation with Hausfeld LLP, counsel for Bruce Foods Corporation (which, as noted below,

7   filed a separate related case on January 5, 2009).

8          Since the filing of the Four In One complaint, four additional complaints have been filed in

9   this district also alleging improper conduct by processed tomato producers.  These complaints

10  include three alleged class actions:  *Diversified Foods and Seasonings, Inc. v. SK Foods, L.P., et*

11  *al*, 02:2008-cv-03074-MCE-EFB (E.D. Cal.) (filed on December 18, 2008); and *Bruce Foods*

12  *Corporation v. SK Foods, L.P., et al*, 02:2009-cv-00027-MCE-EFB (E.D. Cal.) (filed on January

13  5, 2009).[2]  Each of these class allegations includes antitrust claims similar to those in the Four In

14  One complaint.  A fourth complaint, which does not allege class action claims, was filed by

15  Morning Star Packing Company, another tomato processor that is a competitor of Defendants SK

16  Foods, Ingomar and Los Gatos.  *The Morning Star Packing Company, et al, v. SK Foods, L.P., et*

17  *al*, 02:2009-cv-00208-FCD-GGH (E.D. Cal.) (filed January 22, 2009).   The Morning Star

18  complaint includes antitrust and RICO claims similar to those in the Four In One complaint, as

19  well as claims under the Robinson-Patman Act, California law and common law.  Plaintiffs are

20  unaware of any other related actions in this district or any other.

21  **Private Ordering**

22         On February 2, 2009, Quinn Emanuel, counsel for plaintiff Four In One, and Hausfeld

23  LLP, counsel for plaintiff Bruce Foods, co-hosted an organizational meeting at the offices of

24  Hausfeld LLP in Washington, D.C.  The meeting was attended in person or by phone by counsel

25

26         [2]   An additional alleged class action, *Leona's Pizzeria, Inc. v. SK Foods, L.P., et al.*,

27  02:2009-cv-00148-MCE-EFC (E.D. Cal.), was filed in this District on January 16, 2009, but then
    voluntarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a), on January 30, 2009.

28

for plaintiffs in each of the alleged class actions now pending in this Court.  The participants in the meeting, which lasted several hours, discussed (among other things) the procedural status of the various cases, ongoing factual investigation and legal research, how the various claims might be best articulated in a consolidated amended complaint, if permitted by the Court, and more generally how best to advance the interests of the alleged class of direct purchaser plaintiffs.

By the conclusion of the meeting, the overwhelming majority of the participants agreed that the best interests of the class would be served by proposing that, pursuant to Fed. R. Civ. P. 23(g), the Court designate four firms –Quinn Emanuel; Hausfeld LLP; Bernstein Liebhard; and Pearson Simon – as co-lead interim class counsel for direct purchaser plaintiffs, and that the Court also designate Damrell Nelson Schrimp as Liaison Counsel for direct purchaser plaintiffs.

The counsel supporting this proposed leadership structure include many highly qualified firms that have themselves served as lead counsel in other significant antitrust class action litigations.  These firms have "stepped back" to support the proposed leadership structure, however, because the firms now proposed as co-leads have substantially advanced the factual and legal development of this litigation, and offer the experience, expertise and resources (as well as a proven record of working collegially together) that can best serve the interests of the alleged class. Moreover, counsel believe that Damrell Nelson Schrimp has the presence, experience and resources in this District to ensure that all communications and filings with the Court are handled efficiently and effectively on behalf of the alleged class.

<u>**Argument**</u>

I.     <u>**STANDARDS FOR SELECTION OF INTERIM CLASS COUNSEL**</u>

Fed. R. Civ. P. 23(g) provides that even before motions to certify a class have been filed, the Court may designate interim class counsel to represent the interests of the alleged class in initial proceedings, including the filing of a consolidated complaint, scheduling, compliance with Rule 26, initial motion practice and discovery.  *See Manual for Complex Litigation, Fourth* § 21.11 at 246 (2004) ("*Manual*") (when "a number of lawyers may compete for class counsel appointment," the "designation of interim counsel clarifies responsibility for protecting the

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL

interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.")

It is common practice for courts to designate interim class counsel prior to the filing of a consolidated complaint. *See, e.g., In re Rail Fuel Surcharge Antitrust Litig.* (MDL No. 1869), 1:07-mc-00489-PLF-JMF (D.D.C),, "Memorandum Opinion and Order" (Mar. 11, 2008); *In re Korean Airlines Antitrust Litig.*, MDL No. 1891 (C.D. Cal.) (appointing co-lead interim class counsel before any ruling by the Judicial Panel on Multidistrict Litigation as to pre-trial consolidation and transfer of cases filed in different districts); *In re Processed Egg Products Antitrust Litigation,* "Pretrial Order No. 4," 02:2008-md-02002-GP (E.D. Pa.) (same).

While neither Rule 23(g) nor the Advisory Committee Notes explicitly states the standards to be applied in choosing interim class counsel, courts have held that the same factors that apply in choosing class counsel at the time of class certification apply in choosing interim class counsel. *See In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed. R. Civ. P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel.  Presumably, the same factors apply, however."); *Hill v. The Tribune Co.*, No. 05 C 2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel.  No distinction is made regarding appointing interim counsel.")

As to selection of class counsel, Rule 23(g)(1) provides:

In appointing class counsel, the court:

    (A)    must consider:

        (i)    the work counsel has done in identifying or investigating potential claims in the action;

        (ii)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;\

1           (iii)    counsel's knowledge of the applicable law; and

2           (iv)    the resources counsel will commit to representing the class;

3     (B)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

4

5     (C)    may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

6

7     (D)    may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

8     (E)    may make further orders in connection with the appointment.

9     As demonstrated below, the firms proposed to serve as interim co-lead counsel and as

10 liaison counsel satisfy these criteria well.

11 **II.**     **PRIVATE ORDERING OF PLAINTIFFS' COUNSEL**

12     The most common means of selecting class counsel is the "private ordering" approach.

13 *See Manual*, § 21.272 ( "The lawyers agree who should be lead class counsel and the court

14 approves the selection after a review to ensure that the counsel selected is adequate to represent

15 the class interests." ).  Efforts of plaintiffs' counsel to coordinate their activities among themselves

16 are to be encouraged.  *Manual*, § 10.22.

17     As discussed above, negotiations among plaintiffs' counsel have led to nearly all of the

18 numerous experienced firms in this case supporting the proposed appointment, subject to Court

19 approval, of Quinn Emanuel, Hausfeld LLP, Bernstein Liebhard, and Pearson Simon as co-lead

20 interim class counsel, and the appointment of Damrell Nelson Schrimp as liaison counsel, for the

21 direct purchaser class.  These other firms have decided to support these proposed appointments,

22 rather than seek their own appointment as interim class counsel or liaison counsel, although many

23 firms supporting this appointment are qualified and have themselves served in leadership positions

24 in other major antitrust litigations.  This support reflects the judgment of these other firms that the

25 proposed leadership is well equipped to lead the prosecution of this case in the class' best

26 interests, as well as a desire to begin prosecuting this case on behalf of the proposed class

27 efficiently and without delay.

28

III.     **THE COURT SHOULD ADOPT THE CHOICE OF THE DIRECT PURCHASER PLAINTIFFS FOR THEIR INTERIM CLASS COUNSEL**

As discussed below, the factors under Rule 23(g) for appointment as interim class counsel are satisfied by the proposed co-lead interim class counsel.[3]  Each of them has experience as lead counsel in significant nationwide antitrust cases.  In addition, it is respectfully submitted that proposed liaison counsel will help ensure efficient and effective communications with the Court.

It is also respectfully submitted that having four co-lead counsel, with a single liaison counsel for purposes of communications with the Court, is an appropriate case management structure for this case.  This case concerns matters that are already the subject of publicly reported investigations by the United States Attorney in this District and the Department of Justice's Antitrust Division Field Office in San Francisco.  The alleged conduct is nationwide in scope, and prosecution of the case will require resources to be deployed across the country.  The proposed co-leads here have a history of working cooperatively together, including in pending multidistrict antitrust litigations such as *In Re Rail Fuel Surcharge Antitrust Litig.*, MDL No. 1869 (D.D.C.) (Quinn Emanuel and Hausfeld LLP); *In re Egg Products Antitrust Litig.*, MDL No. 2002 (E.D. Pa.) (Hausfeld LLP, Bernstein Liebhard); *In re TFT-LCD (Flat Panel Antitrust Litig*., MDL No. 1827 (N.D. Cal.) (Pearson Simon and Hausfeld LLP).  Other courts have also approved four member co-lead structures.[4]

---

[3]   Counsel believe that four co-lead counsel is a workable and efficient number and note that these four firms have a history of working cooperatively together in antitrust cases.

[4]   The following is a sampling of cases where the court approved and appointed four co-lead counsel: (1) *In re Processed Egg Products Antitrust Litigation*, 02:2008-md-02002-GP (E.D. Pa.); (2) *In re Parcel Tanker Antitrust Litigation,* MDL No. 1568 (D. Conn.) (four lead counsel appointed for Consolidated Direct Purchaser Class); (3) *In re Polyester Staple Antitrust Litigation,* MDL No. 1516 (W.D.N.C.)(four class counsel were appointed for plaintiffs); (4) *In re Intel Corp. Microprocessor Antitrust Litigation,* MDL No. 1717 (D. Del.) (four co-lead class counsel in this major antitrust class action litigation action were approved); *(5) In re DRAM Antitrust Litigation,* MDL No. 1486 (N.D. Cal.) (four co-lead Indirect Purchaser counsel appointed); (6) *In re Brand Name Prescription Drugs Antitrust Litigation,* MDL 997 (N.D.Ill.) (four co-lead counsel were appointed); *(7) In re Methyl Methacrylate (MMA) Antitrust Litigation,* No. 06-md-1768 (ED. Pa.) (same); (8) *In re Carbon Black Antitrust Litigation,* MDL No. 1543 (D. Mass.) (same); (9) *In re Sulfuric Acid Antitrust Litigation,* MDL No. 1536 (ND. Ill.) (same); (10) *In re Pressure Sensitive* (footnote continued)

A.      **Quinn Emanuel Urquhart Oliver & Hedges, LLP Merits Designation as Interim Co-Lead Counsel**

Quinn Emanuel has the resources, experience and expertise – including a compelling record in winning trials and achieving settlements on behalf of plaintiffs – to advance the interests of the class. Quinn Emanuel is a firm of over 400 lawyers (including over 200 in California, where the firm was founded), with offices in San Francisco, Silicon Valley, Los Angeles, and New York City, as well as London and Tokyo. It is the largest firm in the United States with a practice devoted exclusively to business litigation.  A copy of the Firm's resume, as well as biographies of the lawyers that will work on this case, are attached hereto as Exhibit A.

Quinn Emanuel lawyers have tried over 1250 cases, and won 1146, or approximately 91.6 percent, of them. When representing plaintiffs, the firm's lawyers have garnered over $10 billion in judgments and settlements. On behalf of plaintiffs, the firm has won four nine-figure verdicts in the last seven years, and secured four other nine-figure settlements, and two ten-figure settlements, during the same period.  The firm was named to the National Law Journal's "Plaintiffs' Hot List" in 2008.   It is respectfully submitted that Quinn Emanuel is distinguished in presenting a credible trial threat that can well serve the interests of the alleged class.[5]

_____

*Labelstock Antitrust Litigation,* MDL No. 1556 (M.D. Pa.) (same); (11) *In re Foundry Resins Antitrust Litigation,* Case No. 2:04-md-1638 (N.D. Ohio) (same); (12) *In re Hydrogen Peroxide Antitrust Litigation,* Civil Action No. 05-66 (E.D. Pa) (same); (13) *In re Air Cargo Shipping Services Antitrust Litigation,* MDL No. 1775 (E.D.N.Y.) (same); (14) *In re Urethane Antitrust Litigation,* No. 04-MD-1616-JWL (D. Kan.) (same); *In re LTL Trucking Antitrust Litig.*, MDL No. 1895 (N.D. Ga.) (same); and *Ace Delivery & Moving, Inc. v. Horizon Lines,* LLC, 08-cv-00207 (D. Alaska) (four lead counsel appointed from one complaint).

[5] In 2008, Quinn Emanuel, among other things, achieved a $2.1 billion settlement from Citibank and Enron for two dozen hedge funds that brought claims in the Enron multi-district litigation against Citibank arising from Yosemite and Enron Credit Linked Notes; following three days of trial and on the eve of closing argument, achieved a settlement for Solutia under which the defendant banks agreed to comply with commitments to provide $2 billion needed to finance Solutia's exit from bankruptcy; and won a $100 million jury verdict and a broad injunction for Mattel in its highly publicized trial against the manufacturer of "Bratz" dolls.  Results in prior years include a $128 million jury verdict for Freedom Wireless against several wireless telephone carriers; a $295 million jury verdict in a suit by former employees of Bertelsmann AG against Bertelsmann and its former CEO; and a $1.1 billion settlement for General Motors in a case against Volkswagon, and GM's former head of sourcing, concerning theft of trade secrets.

03801.61445/2787998.1

1    Because Quinn Emanuel regularly represents blue-chip clients, from a range of business

2   sectors, as both plaintiffs and defendants in major litigations in both federal and state courts, the

3   firm brings unique experience on "both sides of the v" and offers the class a type of strategic

4   insight and practical experience beyond what could be garnered from only representing plaintiffs.

5   This also means that the firm has substantial financial resources and cash flow that are not

6   dependent on outcomes in contingency cases.

7    At the same time, the firm also represents a variety of clients in class actions and other

8   matters, including on a contingency fee basis.  The firm is currently serving as one of two Court-

9   appointed co-lead interim class counsel for direct purchaser plaintiffs in *In Re Rail Fuel Surcharge*

10   *Antitrust Litigation* (MDL 1869) (D.D.C.), which involves alleged anticompetitive conduct in

11   connection with billions of dollars of fuel surcharges assessed in recent years by the nation's four

12   largest railroads.  The firm is also serving as one of three co-lead interim class counsel in

13   *Universal Delaware, Inc., et al. v. Comdata Corp.*, Civ. No. 07 1078 (JKG) (HSP) (E.D.Pa.),

14   alleging antitrust violations in the markets for credit cards used by truck fleets at truck stops.  The

15   firm recently represented a class of nearly 3000 restaurants and restaurateurs in California who

16   charged Reward Network with usury and unfair business practices. After two and one-half years

17   of hard fought litigation, the firm obtained a settlement of $64 million for the class.

18    Quinn Emanuel, with Bernstein Liebhard, prepared the first of the complaints now

19   consolidated before this Court, and undertook substantial and ongoing factual investigation.  The

20   firm brings to bear in this litigation broad and deep expertise and experience in antitrust, class

21   action, RICO and white collar criminal matters, as detailed at Exhibit A hereto.

22    Quinn Emanuel's Stephen Neuwirth is recognized by Chambers USA as one of New

23   York's leading general commercial litigators.  Chambers USA reports in its most recent 2008

24   edition that Mr. Neuwirth "is renowned for his deep understanding of corporate transactions and

25   antitrust matters."   Mr. Neuwirth brings to bear over two decades of experience in private practice

26   and government, including serving as Associate White House Counsel to President Clinton from

27   1993-1996. From 1997-2005, Mr. Neuwirth was one of the original partners at Boies, Schiller &

28   Flexner, and in 1998, the U.S. Department of Justice retained him to assist in the Antitrust

-13-

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL

1   Division's litigation against Microsoft Corporation.  From 1988-2003, Mr. Neuwirth was

2   associated with the New York law firm of Wachtell, Lipton, Rosen & Katz.

3        In addition to leading the Quinn Emanuel teams serving as co-lead interim class counsel in

4   the pending Rail Fuel Surcharge antitrust litigation and Fleet Truck Credit Card antitrust litigation,

5   Mr. Neuwirth also currently serves as a member of the plaintiffs' steering committee in *In Re:*

6   *Vytorin/Zetia Marketing Sales Practices and Products Liability Litigation* (MDL 1938) (D.N.J.).

7   The alleged class in that litigation claims that defendants Merck and Schering-Plough violated the

8   federal RICO statute and applicable state law by suppressing test data bearing on the efficacy of

9   the blockbuster cholesterol drug Vytorin.

10        The Quinn Emanuel team working on this litigation also includes A. William Urquhart.

11  Based in Los Angeles, Mr. Urquhart specializes in complex business litigation.  He has been

12  named "One of California's Most Successful Business Lawyers" by California Law Business,

13  named "One of the Most Influential Attorneys in California" by The Los Angeles Daily Journal,

14  chosen as one of the "Outstanding Trial Lawyers of America," by Chambers, U.S.A., chosen as a

15  "Super Lawyer" by Los Angeles Magazine, and listed as one of the world's leading litigators in the

16  Euromoney Guide to the World's Leading International Law Firms.  He has been called

17  "exceptionally bright" by Chambers Global; a "forceful trial lawyer" who "commands a strong

18  reputation in the litigation arena" (Chambers USA) and a "litigation celebrity" (Vault 100 Guide).

19        Also from Quinn Emanuel in this case are Robert Feldman, based in the firm's Silicon

20  Valley office and the former chair of the Litigation Department of California's Wilson Sonsini

21  Goodrich & Rosati.  Mr. Feldman is a Fellow of the American College of Trial Lawyers.  He has

22  been named by Best Lawyers in America for "Bet the Company Litigation," Commercial

23  Litigation and White-Collar Criminal Defense, and he is recognized in Chambers USA.  He has

24  previously served as a Delegate to the Ninth Circuit Judicial Conference; as Chair of the Northern

25  District of California Magistrate Judge Merit Selection Committee and is currently a member of

26  the Judicial Advisory Committee for Northern California, which screens and recommends

27  candidates for United States District Court.  Mr. Feldman began his career as a federal prosecutor

28  in San Francisco.

03801.61445/2787998.1

-14-

The Quinn Emanuel team also includes firm partners JD Horton, a native of this District and member of the Bar of this Court, and Erica Taggart, resident in the firm's Los Angeles office and recognized as a "Rising Star" by Southern California Super Lawyer in 2006, 2007 and 2008.

Biographical information on the Quinn Emanuel team is included with the firm's resume at Exhibit A.

**B.     Hausfeld LLP Merits Designation as Interim Co-Lead Counsel**

Hausfeld LLP has 20 attorneys in the United States with offices in Washington D.C., New York, Philadelphia, and San Francisco. It anticipates having affiliated international offices in London and China in the near future. A copy of the firm's resume, as well as biographies of the lawyers that will work on this case (particularly Michael Hausfeld, Michael Lehmann, Christopher Lebsock, Hilary Ratway, Megan Jones  and Jon King), are attached at Exhibit B hereto.

Michael Hausfeld is regarded as one of the country's top civil litigators. He was recently recognized as one of the "Top 100 Influential Lawyers in America" by the *National Law Journal*. Chief Judge Edward Korman of the Eastern District of New York has stated that Mr. Hausfeld is one of the two "leading class action lawyers in the United States." Furthermore, the *New York Times* has referred to Mr. Hausfeld as one of the "most prominent antitrust lawyers" in the nation. Mr. Hausfeld is featured in *Done Deal* (Platinum Press 2005) as one of the world's best negotiators.

In addition to Mr. Hausfeld, among the people litigating this case for Hausfeld LLP will be Michael Lehmann, who has been practicing law in California for over 30 years, was the Managing Partner at Furth LLP, and was a partner at Cohen Milstein Hausfeld & Toll LLP before joining Hausfeld LLP. Mr. Lehmann is the managing partner of Hausfeld LLP's San Francisco office. Mr. Lehmann has played major roles in a number of multidistrict antitrust class actions, including the *Transpacific*, *Air Cargo*  and *International Air Transportation* cases described below, the *Publication Paper Antitrust Litigation,* MDL No. 1631 (D. Conn.), the *High Pressure Laminates Antitrust Litigation*, MDL No. 1368 (S.D.N.Y.), and the *Graphics Processing Units Antitrust Litigation*, MDL No. 1826 (N.D. Cal.). Mr. Lehmann has litigated numerous matters in California state and federal courts.

1    There are numerous antitrust class actions where attorneys at Hausfeld LLP have served as

2   co-lead counsel, including the *Rubber Chemicals Antitrust Litigation* in the Northern District of

3   California, where settlements of $320 million were ultimately obtained, and *Domestic Air*

4   *Transportation Antitrust Litig.*, where settlements of travel discounts and cash valued at $458

5   million were recovered. Michael Hausfeld has more than 35 years of experience litigating some of

6   the nation's most complicated antitrust cases and recovering billions of dollars in overpayments

7   made by his clients to monopolists, price-fixers, and other violators of the antitrust laws.

8    Hausfeld LLP is currently serving as co-lead counsel in 17 major national antitrust class

9   action cases, including *In re International Air Transportation Surcharge Antitrust Litig.*, MDL

10   No. 1793 (N.D.Cal.); *In re Air Cargo Shipping Services Antitrust Litig.*, MDL No. 1775

11   (E.D.N.Y.); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, MDL No. 1913

12   (N.D.Cal.); *In re Egg Producers Antitrust Litig.*, MDL No. 2002 (E.D. Pa.) ("*Eggs*") and *In re*

13   *Hydrogen Peroxide Antitrust Litig.*, MDL No. 1682 (E.D. Pa.).  It is litigating other major antitrust

14   cases involving the food industry, including *Eggs* (where it is co-lead), *In re Chocolate*

15   *Confectionary Antitrust Litig.*, MDL No. 1935 (M.D. Pa.) (where it is co-lead) and the

16   *Southeastern Milk Antitrust Litig.*, MDL No. 1899 (E.D. Tenn.).

17    Hausfeld LLP has been investigating the allegations in this litigation for several months,

18   and is playing a leadership role in ongoing factual investigation and legal analysis of the claims in

19   these cases.

20    **C.    Bernstein Liebhard LLP Merits Designation as Interim Co-Lead Counsel**

21    Bernstein Liebhard has more than 35 lawyers and offices in New York and Pennsylvania.

22   A copy of the Firm's resume, as well as biographies of the lawyers that will work on this case, are

23   attached as Exhibit C hereto.

24    Bernstein Liebhard is one of the premier plaintiffs' class action firms in the country.  Since

25   it was founded in 1993, the Firm has recovered more than $2 billion on behalf of clients and has

26   achieved significant corporate governance reforms.  The Firm is one of only two firms nationwide

27   to be named by *The National Law Journal* to the "Plaintiffs' Hot List," recognizing the top

28

1  plaintiffs' law firms in the country, for the past six years.  The Firm has also received Martindale-

2  Hubbell's highest ratings for legal ability (A) and ethical standards (V).

3      Bernstein Liebhard brings together a unique array of talent – including former prosecutors

4  and former federal and state government trial attorneys, as well as attorneys with a wealth of

5  experience in class action litigation.  With the support of its in-house investigative staff, Bernstein

6  Liebhard has vigorously prosecuted corporate, consumer and antitrust violations for fifteen years.

7      The Firm currently serves as a lead counsel in several of the largest securities fraud class

8  actions pending in the United States, including, *In re Marsh & McLennan Companies, Inc.*

9  *Securities Litigation*, *In re Fannie Mae Securities Litigation*, and *In re Initial Public Offering*

10 *Securities Litigation*.  On September 26, 2008, The Firm finalized a settlement in *In re Royal*

11 *Dutch/Shell Transport Securities Litigation* (settlement with a minimum cash value of $130

12 million and a potential overall value of over $180 million).

13     The Firm also has an active antitrust and consumer practice and is currently serving as lead

14 counsel or as a committee chair in several major antitrust and consumer actions pending

15 throughout the United States.  Most notably:

16          • *In re Processed Egg Products Antitrust Litigation*, 02:2008-md-02002-GP

17            (E.D. Pa.) (lead counsel);

18          • *Artie's Autobody, Inc. v. The Hartford Fire Insurance Company* (lead

19            counsel);

20          • *A&R Body and Specialty, et al. v. Progressive Casualty and Insurance*

21            *Company, et al.* (lead counsel);

22          • *Conroy v. Fresh Del Monte Produce Inc.;*

23          • *Barry v. Del Monte Fresh Produce, Co. N.A., Inc.* (lead counsel);

24          • *Williams v. Del Monte Fresh Produce Co.*(lead counsel);

25          • *Vassilatos v. Del Monte Fresh Produce Co.*(lead counsel);

26          • *Churosh v. Del Monte Fresh Produce Co.*, (lead counsel);\

27          • *Gordon v. Apple Computer, Inc.* (lead counsel)*;*

28

03801.61445/2787998.1

-17-

1   • *In re Rail Freight Fuel Surcharge Antitrust Litigation* (chair-expert

2   committee);

3   • *In re Neurontin Marketing, Sales Practices and Products Liability*

4   *Litigation* (chair-discovery committee)*; and*

5   • *In Re Aftermarket Filters Antitrust Litigation* (chair-discovery committee).

6   Stanley D. Bernstein was named one of the 500 Leading Plaintiffs' Lawyers in 2007 and

7   one of the 500 Leading Litigators in America in 2006 by *Lawdragon* Magazine, and he was named

8   a Super Lawyer by Super Lawyers Magazine in the Fall of 2007.  In 2008, *Lawdragon* named him

9   one of the "100 Lawyers You Need to Know in Securities Litigation," only seventeen of whom

10   represent plaintiffs.  Mr. Bernstein is chair of the Plaintiffs' Executive Committee in *In Re Initial*

11   *Public Offering Securities Litigation,* a coordination of over 300 class actions.  He was also lead

12   counsel in *In re Royal Dutch/Shell Transport Securities Litigation*, and has been lead counsel in

13   many of the leading securities cases enforcing and expanding the rights of shareholders, including:

14   *In re Sears, Roebuck Derivative Litigation* and *In re Archer Daniels Midlands Corp. Derivative*

15   *Litigation* (pioneering cases that improved corporate governance at both companies); *In re*

16   *Bankers Trust Securities Litigation* (settlement of $58 million representing 100% recovery of

17   losses); and *Shapiro v. Quickturn Design Systems* (successfully tried in Delaware Chancery Court

18   and affirmed by Delaware Supreme Court, invalidating anti-takeover device). Mr. Bernstein is

19   also currently serving as a co-lead counsel in *In Re Processed Egg Products Antitrust Litigation*.

20   Among the attorneys litigating this case for Bernstein Liebhard will be Ronald J. Aranoff,

21   who concentrates his practice exclusively on consumer and antitrust class action litigations and

22   has been involved – on a day to day basis – in the following antitrust and consumer representative

23   matters:  *Artie's Autobody, Inc. v. The Hartford Fire Insurance Company* and *A&R Body and*

24   *Specialty v. Progressive Casualty and Insurance Company* (lead counsel-both of which involve

25   the suppression of labor rates in the automobile insurance industry and claims of illegal steering in

26   violation of state consumer fraud statutes); *Conroy. v. Fresh Del Monte Produce Inc..; Barry v.*

27   *Del Monte Fresh Produce, Co. N.A., Inc.; Williams v. Del Monte Fresh Produce Co.; Vassilatos v.*

28   *Del Monte Fresh Produce Co.; Churosh v. Del Monte Fresh Produce Co.*, (lead counsel-all of

which involve claims of consumer fraud and antitrust violations in the suppression of the prices of fresh pineapples throughout the United States); *In Re Processed Egg Products Antitrust Litigation; In re Rail Freight Fuel Surcharge Antitrust Litigation*; *In re Neurontin Marketing, Sales Practices and Products Liability Litigation; In Re Aftermarket Filters Antitrust Litigation*.

Bernstein Liebhard worked closely with Quinn Emanuel on investigation of the claims and preparation of the first-filed of these consolidated alleged class actions. Bernstein Liebhard has continued to play a lead role in ongoing investigation of the facts and development of the underlying claims.

### D. Pearson Simon Warshaw & Penny LLP Merits Designation as Interim Co-Lead Counsel

Pearson Simon is a civil litigation firm with expertise in complex litigation, including federal multidistrict litigation. Its attorneys have extensive experience in antitrust, consumer protection, securities fraud, and unlawful employment practices. The firm handles national and multi-national class actions that present cutting edge issues in both substantive and procedural areas. A copy of the firm's resume is attached as Exhibit D.

Bruce Simon, who will be litigating the case on behalf of the firm, specializes in complex cases involving antitrust, consumer fraud, and securities and has served as lead or co-lead counsel in several nationwide antitrust class actions, both at his current firm and as a partner at his prior firm, including: *In re Sodium Gluconate Antitrust Litigation* (N.D. Cal., MDL No. 1226), an antitrust case involving a food additive product; *In re Methionine Antitrust Litigation* (N.D. Cal., MDL No. 1311), an antitrust class action that resulted in over $100 million in settlements; and *In re Citric Acid Antitrust Litigation* (N.D. Cal., MDL No. 1092), which resulted in over $80 million in settlements for direct purchasers. Mr. Simon was also lead counsel in *In re Louisiana Pacific Corp. Inner-Seal OSB Trade Practices Litigation* (N.D. Cal., MDL No. 1114), a product defect case involving a plywood substitute known as oriented strand board, and *In re Behr Wood Sealant Litigation*, a case which resulted in a nationwide settlement of claims which related to defective wood sealants.

1    More recently, Mr. Simon served as co-chair of discovery and as a member of the trial

2    preparation team in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D.

3    Cal., MDL No. 1486), which settled for over $325 million to the direct purchaser class.   The case

4    went through the entire pre-trial process, and settled right before trial.  Currently, Mr. Simon is

5    serving as interim co-lead counsel for the direct purchaser plaintiffs in *In re TFT-LCD (Flat*

6    *Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827).  That case, which is assigned to Judge

7    Susan Illston, is believed by many to be one of the largest price-fixing cases currently pending in

8    the United States.  Pearson Simon also serves as interim co-lead counsel in *In re Flash Memory*

9    *Antitrust Litigation* (N.D. Cal., Case No. C07-0086), another major price-fixing class action

10   related to the memory chips contained in most phones and MP3 players.

11    Mr. Simon has worked on numerous other price-fixing class actions over the years in

12   various capacities.  Aside from the cases mentioned above in which he was appointed lead

13   counsel, Mr. Simon is also working on *Air Cargo Shipping Services Litigation* (E.D.N.Y., MDL

14   No. 1775), *In re Cathode Ray Tubes (CRT) Antitrust Litigation* (N.D. Cal., MDL No. 1917), *In re*

15   *Chocolate Confectionary Antitrust Litigation* (M.D. Pa., MDL No. 1935), *In re Flat Glass*

16   *Antitrust Litigation (No. II)* (W.D. Pa., MDL No. 1942), and *In re Aftermarket Filters Antitrust*

17   *Litigation* (N.D. Ill., MDL No. 1957).

18    Mr. Simon has not only effectively managed cases through pretrial proceedings, but he

19   has also taken a number of complex civil cases to trial.  For example, he tried and won a multi-

20   million dollar jury verdict in a securities case after a three month trial.  That case involved critical

21   issues about the responsibilities of accountants and eventually resulted in a decision by the

22   California Supreme Court setting standards for accounting liability in California.  Mr. Simon  also

23   represented Union Bank in a case against a national accounting firm and obtained a $7 million jury

24   verdict after a two month trial.  Mr. Simon tried another case to a jury verdict before the

25   Honorable Ronald M. Whyte in the Northern District of California on behalf of independent

26   Exxon dealers.   The jury verdict in favor of the dealers related to wrongful conduct under the

27   Petroleum Marketing Practices Act, a federal law that protects dealers, and was one of the very

28   few cases of that type that Exxon has ever lost.  Mr. Simon had another lengthy jury trial in Los

-20-
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL

1   Angeles Superior Court on behalf of Frederick's of Hollywood against the company's former

2   accountants for wrongful business practices and professional negligence.

3       Since 2006, Mr. Simon has been named one of the top commercial litigation lawyers by

4   *The American Lawyer* and one of the best lawyers in America by *Best Lawyers*.  He is currently

5   the Litigation Vice-Chair for the Antitrust Law Section of the American Bar Association and a

6   past chair of the California State Bar's Antitrust and Unfair Competition Section and the Business

7   Torts Section of the American Trial Lawyers Association.  He is the co-author of the *Matthew*

8   *Bender Practice Guide: California Unfair Competition and Business Torts* (2004), which provides

9   in-depth and practical coverage of California's Unfair Competition Law, as well as antitrust law

10  and other commonly prosecuted business torts.

11      **E.       Damrell Nelson Schrimp Pallios Pacher & Silva Merits Designation as Liaison**

12              **Counsel**

13      Damrell Nelson Schrimp is proposed as Liaison Counsel the firm offers experienced and

14  substantial resources in this District.  Roger Schrimp and Damrell Nelson Schrimp are familiar

15  with the procedures and practices in this District, and as Liaison Counsel would help ensure that

16  communications with the Court and all Court filings are efficient, timely, in compliance with all

17  local rules, and most effective for pursuing the interests of the alleged class.  The proposed co-lead

18  counsel, and the other firms that support the proposed case management structure, are committed

19  to working with Mr. Schrimp and his firm, and involving Mr. Schrimp actively in all aspects of

20  case management.  A copy of the firm's class action resume is attached as Exhibit E.

21      Damrell Nelson Schrimp of Modesto and Oakdale, California, concentrates its practice in

22  the prosecution and defense of complex business litigation matters, including numerous antitrust

23  class actions alleging unfair competition, price fixing, market monopolization, vertical restraints,

24  unfair business practices, wash trading, corporate and consumer fraud and shareholder derivative

25  matters.  Damrell Nelson Schrimp maintains an AV rating and is listed in the Martindale Hubbell

26  Bar Register of Preeminent Lawyers.

27

28

Damrell Nelson Schrimp has considerable experience in the management of major class actions in both state and federal courts.  Damrell Nelson Schrimp has served as lead or co-lead counsel in a wide array of class litigation, including *Annoni, et al. vs. Gottschalks, Inc., et al.*, Northern District of California, Case No. 3:93-cv-02680; *Carol Ann Ponder vs. Gottschalks, Inc.*, Fresno County Superior Court, Case No. 0501749; *County of Stanislaus, et al. vs. Pacific Gas & Electric Company, et al.*, Eastern District Court, Case No. 1:93-CV-05866; *In Re Beer Distribution Antitrust Litigation*, Northern District of California, San Jose Division, Master File No. C-97-206444; *In re Erica Elizabeth Pearson, et al., vs. Deloitte & Touche, L.L.P. and Joseph P. Famalette* , San Francisco County Superior Court, Civil Case No. 304232; and *Nature Guard Cement Roofing Shingles Cases*, Stanislaus County Superior Court, J.C.C.P. No. 4215.

In addition, Damrell Nelson Schrimp has served on the Executive Committee or in other leadership positions in other major nationwide class actions, including *Natural Gas Antitrust Cases I-IV*, San Diego County Superior Court, J.C.C.P. Nos. 4221, 4224, 4226 & 4228; *Behr Wood Sealant Cases*, San Joaquin County Superior Court, J.C.C.P. Nos. 4132 and 4138; *In re Methionine Antitrust Litigation vs. Rhone Poulenc, S.A.*, Northern District of California, MDL No. 1311; *In re Citric Acid Antitrust Litigation*, Northern District of California, MDL No. 1092; *Food Additives (HFCS) Cases*, Stanislaus County Superior Court, J.C.C.P. No. 3261; *In re Orange County Bond Litigation*, Orange County Superior Court, Case No. 753411; and, *In re First Capital Holdings Corporation Financial Products Securities Litigation*, MDL 901.

In addition to the pending action, Damrell Nelson Schrimp is currently involved in the following antitrust class actions, which are in varying stages of litigation:  *In re International Air Transportation Surcharge Antitrust Litigation*, Northern District of California, MDL No. 1793; *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Northern District of California, MDL No. 1827; *In re Graphics Processing Units Antitrust Litigation*, Northern District of California, MDL No. 1826;

-22-

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, Northern District of California, MDL No. 1917; *In re Chocolate Confectionary Antitrust Litigation*, Central District of Pennsylvania, MDL No. 1935.

## IV.   CONSOLIDATED COMPLAINT AND RESPONSE SCHEDULE

Appointment of co-lead interim class counsel and liaison counsel at this time would create immediate efficiencies for both the Court and the parties, including the ability of all Direct Plaintiffs to speak with one voice, and establishment a designated point of contact for defendants to discuss motions, scheduling, discovery and (potentially) settlement.  The Court has already granted two stipulations between the parties that extend the time for defendants to answer the complaints until 30 days after the filing of a Consolidated Amended Complaint, if such filing is permitted by the Court (or alternatively 30 days after notice from the plaintiffs in these alleged class actions that they will not be filing a Consolidated Amended Complaint.

To help ensure that the initial phases of this litigation proceed efficiently, the direct purchaser plaintiffs propose the following schedule:

Consolidated Amended Complaint to be filed:  April 3, 2009 (or 30 days after order appointing interim lead counsel issues);

Response to Consolidated Complaint to be filed:  May 4, 2009 (or 30 days after Consolidated Amended Complaint is filed); and

Any motion to dismiss shall be subject to the timing requirements of Local Rule 78-230(b)-(d).

In connection with the aforementioned schedule, direct purchaser plaintiffs respectfully propose that the joint status reports currently calendared in each of the above-captioned actions be removed from the calendar for each action, with a joint status report for the consolidated actions to be submitted within 60 days of the filing of the Consolidated Amended Complaint.

/ / /

/ / /

/ / /

-23-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, the direct purchaser plaintiffs respectfully request the Court appoint Quinn Emanuel, Hausfeld LLP, Bernstein Liebhard, and Pearson Simon as co-lead interim class counsel, and Damrell Nelson Schrimp as liaison counsel, for the direct purchaser plaintiffs.

The direct purchaser plaintiffs also request the Court grant the designated co-lead counsel and liaison counsel leave file a Consolidated Amended Complaint on behalf of the alleged class, and order the proposed dates above for responsive pleadings.

DATED:                           Respectfully submitted,


By /s/ Roger M. Schrimp
                                 Roger M. Schrimp (SBN 39379)
                                 Clinton P. Walker (SBN 151560)
                                 DAMRELL, NELSON, SCHRIMP,
                                 PALLIOS, PACHER & SILVA
                                 1601 I Street, Fifth Floor
                                 Modesto, CA 95354
                                 Telephone: (209) 526-3500
                                 Facsimile: (209) 526-3534
                                 rschrimp@damrell.com
                                 cwalker@damrell.com

                                 *Proposed Liaison Counsel*

Stephen R. Neuwirth                    Michael P. Lehmann (SBN 77152)
Sami Rashid                            Christopher L. Lebsock (SBN 184546)
Lee Turner Dodge                       Jon T. King (SBN 205073)
QUINN EMANUEL URQUHART OLIVER &        Arthur N. Bailey (SBN 248460)
   HEDGES, LLP                         HAUSFELD LLP
51 Madison Avenue, 22nd Floor          44 Montgomery Street, Suite 3400
New York, New York 10010               San Francisco, CA 94104
(212) 849-7000                         Telephone: (415) 633-1908
(212) 849-7100 (fax)                   Facsimile: (415) 358-4980
stephenneuwirth@quinnemanuel.com       mlehmann@hausfeldllp.com
                                       clebsock@hausfeldllp.com
                                       coming@hausfeldllp.com
                                       abailey@hausfeldllp.com

-24-
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL

1 | John B. Quinn (Cal. Bar # 090378)     Michael D. Hausfeld

1 | John B. Quinn (Cal. Bar # 090378)
A. William Urquhart (Cal. Bar # 140996)
2 | J. D. Horton (Cal. Bar # 192836)
QUINN EMANUEL URQUHART OLIVER &
3 |     HEDGES, LLP
865 S. Figueroa St., 10th Floor
4 | Los Angeles, California 90017
(213) 443-3000
5 | (213) 443-3100 (fax)
jdhorton@quinnemanuel.com
6 |
7 | Robert P. Feldman (Cal. Bar # 69602)
QUINN EMANUEL URQUHART
8 | OLIVER & HEDGES, LLP
555 Twin Dolphin Dr. Suite 560
9 | Redwood Shores, California 94065
(650) 801-5000
10 | (650) 801-5100 (fax)
robertfeldman@quinnemanuel.com

11 |

12 | Stanley D. Bernstein
Ronald J. Aranoff
13 | Dana Statsky Smith
Tania Taveras
14 | BERNSTEIN LIEBHARD LLP
10 East 40th Street, 29th Floor
15 | New York, New York 10016
(212) 779-1414
16 | (212) 779-3218 (fax)
aranoff@bernlieb.com

17 |

18 | *Proposed Interim Co-Lead Class Counsel*

19 | James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
20 |    CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
21 | Roseland, New Jersey 07068
(973) 994-1700
22 | jcecchi@carellabyrne.com

23 |

24 |

25 |

26 | Stephen A. Weiss
SEEGER WEISS LLP
27 | 1 William Street
New York, New York 10004
28 | (212) 584-0700
sweiss@seegerweiss.com

---

Right column:

Michael D. Hausfeld
Megan E. Jones
Hilary K. Ratway
HAUSFELD LLP
1146 19th Street, N.W., 5th Floor
Washington, D.C. 20036
Telephone: (202) 579-1089
Facsimile: (202) 747-5713
mhausfeld@hausfeldllp.com

Bruce L. Simon
PEARSON SIMON SOTER
WARSHAW PENNY LLP
44 Montgomery Street, Suite 1430
San Francisco, CA 94104
Telephone: (415) 433-9000
Fax: (415) 433-9008
bsimon@psswplaw.com

*Proposed Interim Co-Lead Class Counsel*

Guido Saveri (SBN 22349)
R. Alexander Saveri (SBN 173102)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com
rick@saveri.com

Craig C. Corbitt (SBN 83251)
Francis O. Scarpulla (SBN 41059)
Henry A. Cirillo (SBN 131527)
ZELLE HOFMANN VOELBEL
MASON & GETTE
44 Montgomery Street
Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
ccorbitt@zelle.com
fscarpulla@zelle.com
cirillo@zelle.com

Allan Steyer (SBN 100318)
STEYER LOWENTHAL BOODROKAS
   ALVAREZ & SMITH LLP
One California Street
Third Floor
San Francisco, CA 94111

1

*Attorneys for Plaintiff Four In One Company,*
2   *Inc.*

Telephone: (415) 421-3400
Facsimile: (415) 421-2234
asteyer@steyerlaw.com

3

Steven A. Kanner
4   Douglas A. Millen
FREED KANNER LONDON &
5   MILLEN LLC
2201 Waukegan Road
Suite 130
6   Bannockburn, IL 60015
Telephone: (224) 632-4500
7   Facsimile: (224) 632-4521
skanner@fklmlaw.com
8   dmillen@fklmlaw.com

9

Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL
10   & SKIRNIK PC
1521 Locust Street, 8th Floor
11   Philadelphia, PA 19102
Telephone: (215) 564-5182
12   Facsimile: (215) 569-0958
sgreenfogel@mcgslaw.com

13

Arthur N. Bailey
14   ARTHUR N. BAILEY &
ASSOCIATES
15   111 West Second Street
Jamestown, NY 14701
16   Telephone: (716) 664-2967
Facsimile: (716) 664-2983
17   abailey@alitel.net

18

Vincent J. Esades
HEINS MILLS & OLSON, P.L.C.
19   310 Clifton Avenue
Minneapolis, MN 55403
20   Telephone: (612) 338-4605
Fax: (612) 338-4692

21

*Attorneys for Plaintiff Bruce Foods*
22   *Corporation*

23

24

25

26

27

28

03801.61445/2787998.1

-26-
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM COUNSEL AND LIAISON COUNSEL