UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Four in One Company, et al., | No. 2:08-cv-03017-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| SK Foods, L.P. et al., | |
| Defendants. | |

Attorney Malcolm Segal moves to withdraw as counsel for defendant Scott Salyer, which would leave Mr. Salyer without counsel. ECF No. 298. No party filed an opposition or statement of non-opposition. As explained in this order, the motion is granted.

If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires the withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. *Id.* Withdrawal must also comply with the Rules of Professional Conduct of the State Bar of California. *Id.* Rule 1.16 requires an attorney to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)," which in turn requires counsel to return the client's materials and property

and any expenses or fees paid in advance that the lawyer has not earned or incurred. The Rules also permit withdrawal if, as relevant here, "the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(6).

Whether to grant a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

Mr. Segal has complied with the rules described above. He has requested leave to withdraw in a formal motion, has given notice to all parties, and has submitted an affidavit with Mr. Salyer's current address. *See* Mot., ECF No. 298; *id.* Ex. 1, ECF No. 298-1. Mr. Salyer has also submitted a declaration confirming that he requested that Mr. Segal withdraw. *See id.* Ex. 2, ECF No. 298-2. The relevant factors described above also weigh in favor of the motion. No party opposes the motion, Mr. Salyer has confirmed he would like to proceed without counsel, and the court perceives no likely delays or harms to the administration of justice if the motion is granted.

The motion is thus **granted**. Mr. Segal and his firm, Segal & Associates, are **terminated** as counsel in this proceeding.

IT IS SO ORDERED.

DATED: November 5, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE